**UNIVERSITY OF MIAMI, Appellant,**

v.

**The UNITED STATES (DEPARTMENT OF COMMERCE), Appellee.**

Customs Appeal No. 77–1.

United States Court of Customs and Patent Appeals.

August 4, 1977.

---

**24**

Cesare Emiliani, Dept. of Geology, Miami, Fla., on behalf of appellant.

Barbara Allen Babcock, Asst. Atty. Gen., William Kanter, Michael F. Hertz, Washington, D. C., for the United States.

Before MARKEY, Chief Judge, RICH, BALDWIN, LANE and MILLER, Associate Judges.

BALDWIN, Judge.

This is an appeal brought by the University of Miami from a decision of the Secretary of Commerce denying a duty exemption for an imported mass spectrometer ordered by appellant. The denial was based on the finding that the most closely related domestically produced mass spectrometer is equivalent to the imported apparatus in scientific value for appellant's purposes.

The duty exemption is provided by the Educational, Scientific, and Cultural Materials Importation Act of 1966 (Importation Act of 1966).[1] Regulations 15 CFR 301.1, et seq., set forth guidelines for preparing an application for requisition of the duty exemption. The Secretary of Commerce has the authority[2] to deny or to grant the exemption upon a finding of equivalency or nonequivalency of scientific value between or among domestic and foreign produced instruments which are circumscribed by the Importation Act of 1966. In accordance with the statute, the Secretary of Commerce has delegated his authority over this matter to the Director of the Office of Import Programs.[3] The decision on the appellant's application was made within the Office of Import Programs by the Director of Special Import Programs Division (Director). In the case at hand, advice was given to the Director by the National Bureau of Standards (NBS), In-

---

1. 19 U.S.C. § 1202 (1970), Schedule 8, Part 4, Item 851.60. The provision states:
   Item 851.60: [Duty free entry]
   Articles entered for the use of any nonprofit institution, whether public or private, established for educational or scientific purposes:
   Instruments and apparatus, if no instrument or apparatus of equivalent scientific value for the purposes (footnote continued) for which the instrument or apparatus is intended to be used is being manufactured in the United States (see headnote 6 to this part).

2. *Id.,* headnote 6(c).

3. 15 CFR 301.1(a) further provides, in part:
   The responsibilities of the Secretary of Commerce under the Act have been delegated to the Assistant Secretary for Domestic and International Business of the Department of Commerce with power or [sic] redelegation,

struments Shops Division (within the Department of Commerce).

### Statement of Facts

On December 5, 1974, appellant filed an application[4] for duty-free entry under the Importation Act of 1966 for a VG-Micromass 602C mass spectrometer imported from England. Dr. Cesare Emiliani, Chairman of the Geology Department, stated in the application that the apparatus would be used to test deep-sea cores by the oxygen isotopic method of paleotemperature analysis. The specific testing is directed to the understanding of climatic evolution. The apparatus is also used to train students. Dr. Emiliani listed several pertinent specifications, among them,[5] an all-metal inlet system. The most closely related domestically produced mass spectrometer is the 6–60–RMS or the 3–60–RMS produced by Nuclide Corporation.[6] Notice of the application was published in the Federal Register.[7] On February 28, 1975, after the publication of the notice, Nuclide Corporation sent its comments to the Department of Commerce. The comments controverted statements in the application about the pertinent features.

> by Department of Commerce Organization Order 10–3 of July 5, 1974, who has redelegated these responsibilities to the Deputy Assistant Secretary for Resources and Trade Assistance by Domestic and International Business Administration Organization and Function Order 44–1, effective November 17, 1972.
> Authority over this matter was redelegated from the Deputy Assistant Secretary for Resources and Trade Assistance to the Director of the Office of Import Programs by DIBA Organization and Function Order 44–2, section 3. 38 Fed.Reg. 9,324 (1973).

4. Application is made to the Secretary of Treasury who checks the application so that it is prepared in accordance with respective regulations. The Secretary then forwards the application to the Secretary of Commerce and to the Secretary of Health, Education, and Welfare. 19 U.S.C. § 1202 (1970), Schedule 8, Part 4, headnote 6.

On April 18, 1975, NBS, Instruments Shops Division notified the Director by written report, which he had requested that the information of the Miami application was insufficient to permit findings of "pertinent specifications" and equivalent scientific value. The Director, on May 13, 1975, denied appellant's application *without prejudice to resubmit*. In his memorandum to appellant, the Director discussed the recommendation of NBS and the contentions made by Nuclide Corporation.

On August 7, 1975, appellant resubmitted the application which made the all-metal inlet system the "most crucial" factor with regard to equivalency of scientific value. The same procedures were followed for the reapplication[8] as for the first application. Both Nuclide Corporation and NBS submitted comments. Instruments Shop Division of NBS found that, at the time appellant ordered the mass spectrometer, a completely "bakeable inlet system" was an option offered by Nuclide Corporation. The denial, issued on October 4, 1976, concluded that the 6–60–RMS was of equivalent scientific value to the foreign apparatus for appellant's purposes.

5. Dr. Emiliani also listed (1) capability of handling small samples with accuracy, (2) background pressure in the 10 to the -9th torr range, (3) a permanent magnet, and (4) maximum reproducibility. (Torr is a unit of pressure equal to $1/760$ of an atmosphere.)

6. Nuclide Corporation's 12–90–G is also discussed. In evidence is a purchase order made by the University of Kansas for the 12–90–G which included a "bakeable inlet system."

7. 40 Fed.Reg. 2,215 (1975).

8. Notice was published on August 29, 1975. 40 Fed.Reg. 39,915 (1975).

## OPINION

■ Pursuant to 28 U.S.C. § 1544 (1970),[9] our review of this type of appeal from the Commerce Department is restricted to questions of law only. We have construed this statute to limit our review to a determination of whether the administrative decision is supported by substantial evidence.[10] Both parties address this issue while arguing the facts.

■ Appellee argued in its brief that appellant has limited the comparison to one pertinent specification, that being the all-metal inlet system. Appellant's reapplication states: "There are other areas in which the VG-Micromass 602C is superior to the Nuclide instruments. However, I consider the inlet system the most crucial." Nonetheless, considering all the pertinent features that appellant listed in both of the applications, there is substantial evidence found in the material submitted by the Nuclide Corporation in (1) its memorandum and in (2) the Nuclide Product Bulletin which discusses the specification of the 3–60–RMS as compared with the 6–60–RMS. The significant points made by the evidence are best summarized in the first denial dated May 13, 1975, from the Director of Special Import Programs Division:

(a) An all metal inlet system has been available from Nuclide since about 1960.

(b) A permanent magnet from Nuclide is offered at a reduced price. The first such magnet was built before 1960.

(c) An all metal Bakeable inlet is available from Nuclide.

(d) A standard option for Nuclide's standard dual inlet system for RMS instruments, to facilitate small sample (0.025 atm cm$^3$) analysis; has been offered for 10 years.

(e) Instruments offered by Nuclide will equal or exceed the article in respect to reproducibility.

Having reviewed all of the evidence in our consideration of the issue at hand, we conclude that the Department of Commerce denial of the duty exemption for appellant's imported mass spectrometer is supported by substantial evidence in the record. We *affirm* the decision below.

*AFFIRMED*

---

9. Section 1544 provides:
   The Court of Customs and Patent Appeals shall have jurisdiction to review, by appeal on questions of law only, findings of the Secretary of Commerce under headnote 6 to schedule 8, part 4, of the Tariff Schedules of the United States (relating to importation of instruments or apparatus).

10. *Leo Goodwin Inst. For Cancer Research, Inc. v. United States,* 521 F.2d 801, 806, 63 CCPA 114, 119 (1975); *Varian Assoc. v. United States,* 56 CCPA 54, 57, C.A.D. 953 (1969). Both cases were cited in *Univ. of Cincinnati Medical Center v. United States,* 63 CCPA 107, 111, C.A.D. 1174, 537 F.2d 518, 522 (1976).